UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAC METAL SALES, INC.                         CIVIL ACTION

VERSUS                                                  NO.  25-422

INGRAM BARGE CO., LLC.  ET AL.          SECTION "R" (4)

## ORDER AND REASONS

Before the Court is defendant Marine Inspection, LLC's ("Marine Inspection") motion to dismiss for failure to state a claim upon which relief can be granted.[1]  Plaintiff, Mac Metal Sales, Inc. ("Mac Metal") opposed the motion and requested leave to amend if the Court granted defendant's motion to dismiss.[2]  For the following reasons, the Court grants defendant's motion and dismisses plaintiff's claims without prejudice and with leave to amend.

## I.    BACKGROUND

Mac Metal's complaint alleges that in early 2024, Mac Metal arranged for the shipment of more than 5,500 metric tons of steel coils from Busan, South Korea to New Orleans, Louisiana.[3]  It avers that a pre-shipment survey

---

[1] R. Doc. 22.
[2] R. Doc. 24.
[3] R. Doc. 1 at 3.

1

showed that the cargo was in generally good condition when loaded onto the M/V Lowlands Fidelity in South Korea.[4]

The M/V Lowlands Fidelity allegedly docked in New Orleans on February 29, 2024.[5] The complaint alleges that Mac Metal's agent, Mid-Ship Logistics L.L.C., facilitated and coordinated moving the coils from the M/V Lowlands Fidelity to Ingram Barge Co. barges.[6] According to the complaint, Marine Inspection surveyors arrived to witness the movement of the coils from the M/V Lowlands Fidelity to the Ingram barges, but the vessel agents denied the inspectors access.[7] A tugboat allegedly moved the Ingram barges to Harahan, Louisiana.[8]

The complaint alleges that Marine Inspection inspectors accessed the Ingram barges in Harahan on March 4, 2024 and observed water on one of the four barges, T-13995, which Marine Inspection then reported.[9] Upon the Ingram barges' arrival in Indiana a month later, allegedly one-quarter of the coils on the T-13995 had a visible waterline, one-quarter had visible mold, and the remaining half had an indeterminate waterline.[10] Mac Metal alleges

---

[4] R. Doc. 1 at 3.
[5] *Id.*
[6] *Id.* at 3-4.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.* at 5.
[10] *Id.*

that a damages survey conducted for Travelers', Mac Metal's insurer, concluded that water damaged the coils aboard T-13995 during or after the New Orleans discharge.[11]

Plaintiff Mac Metal filed this complaint in admiralty in February 2025.[12]  Plaintiff alleged causes of action against seven defendants.  Plaintiff has since voluntarily dismissed two of the seven defendants.  One of the remaining defendants is Marine Inspection.  Plaintiff sued Marine Inspection for negligence.  Marine Inspection now moves to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The Court considers the motion below.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all well-

---

[11] R. Doc. 1 at 6.
[12] R. Doc. 1.

3

pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion

when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

A plaintiff must cross "the line from conceivable to plausible" for each element of its claim. *Twombly*, 550 U.S. at 570. A claim for negligence in maritime law requires: (1) a duty owed to Plaintiff, (2) a breach of that duty, (3) injury, and (4) causation. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010).

## III.   DISCUSSION

Here, accepting as true plaintiff's well-pleaded allegations, plaintiff has not crossed the line from conceivable to plausible. While Mac Metal alleges a duty and injury, Mac Metal does not plausibly allege either a breach of that duty or such a breach's causation of its injuries.

As to duty, it is plausible that Marine Inspection owed Mac Metal a duty to perform inspection of the cargo with reasonable care. There is, however, nothing in the pleadings to suggest that Marine Inspection failed to exercise such reasonable care. *See S. C. Loveland, Inc. v. East West Towing, Inc.*, 608 F.2d 160, 165 (5th Cir. 1979). The complaint reflects that Marine Inspection inspectors tried to access the M/V Lowlands Fidelity and were denied access.[13] In fact, the complaint alleges that Marine Inspection

---

[13]    R. Doc. 1 at 4-5.

carried out the inspection of T-13995 when it was given access to the barge three days later, and that Marine Inspection reported the water aboard the barge following the inspection.[14]  No facts suggest that there was anything else the Marine Inspection inspectors could have done.

Mac Metal further has not plausibly alleged that Marine Inspection's actions caused the deterioration of their steel coils.  Negligence is actionable under general maritime law if it is a substantial factor in causing the injuries. *In re Great Lakes Dredge*, 624 F.3d at 214.  Here, there is no allegation suggesting that Marine Inspection had a substantial role in causing water to be in either the M/V Lowlands Fidelity or the Ingram barges.  On the contrary, plaintiff alleges that when Marine Inspection accessed the Ingram barges, the steel was already in the water.  Further, Marine Inspection reported its findings that the steel was in water.[15]  The complaint reflects that Mac Metal had notice in early March that the coils on board the T-13995 were in water. Nevertheless, Mac Metal apparently did not intervene, as the coils remained on the Ingram barges until arrival in Indiana in April. Plaintiff failed to plausibly plead that Marine Inspection's alleged breach of duty had a substantial role in causing its injuries.

---

[14]    R. Doc. 1 at 4-5.
[15]    *Id.* at 5.

The Court grants Marine Inspection's motion to dismiss.

## B. The Email Chain

A court considering a motion to dismiss generally considers only the four corners of the complaint. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). If the plaintiff referred to a document in their complaint that was central to plaintiff's claim, the court may consider the document if attached to a motion to dismiss. *Id.*

Here, Marine Inspection attached a lengthy email chain to the motion to dismiss. Mac Metal correctly notes that the complaint did not refer to the email chain. Instead, Mac Metal's complaint provided a quotation from the Inspection Report attached to the email chain. As the Inspection Report is both (1) referred to in the complaint and (2) central to Plaintiff's claim, the Court has considered the Inspection Report. The Court has not considered the remainder of the email chain.

## C. Leave to Amend

The court must dismiss with leave to amend "unless the defect is simply incurable, or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)). The presumption is that courts

should dismiss a complaint only after "affording every opportunity" to the plaintiff to state a claim unless it would be futile. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam); *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if "it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

This is plaintiff's first complaint. Plaintiff has been afforded only one opportunity to plead with particularity and has not bungled repeated opportunities to address the deficiencies of its complaint. Under the presumption that leave to amend "should be freely granted," the Court grants plaintiff's motion to amend. *Marucci Sports, LLC*, 751 F.3d at 378.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court DISMISSES plaintiff's claim WITHOUT PREJUDICE and with LEAVE TO AMEND the complaint within fourteen days of this order.

New Orleans, Louisiana, this __13th__ day of August, 2025.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

8