UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAC METAL SALES, INC. | CIVIL ACTION |
| VERSUS | NO. 25-422 |
| INGRAM BARGE CO., LLC. ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Mid-Ship Logistics, LLC's ("Mid-Ship") motion to dismiss for failure to state a claim upon which relief can be granted.[1] Plaintiff, Mac Metal Sales, Inc. ("Mac Metal"), opposed this motion and requested leave to amend if the Court granted defendant's motion to dismiss.[2] For the following reasons, the Court grants defendant's motion and dismisses plaintiff's claim with leave to amend.

### I.    BACKGROUND

Mac Metal's complaint alleges that in early 2024, Mac Metal arranged for the shipment of more than 5,500 metric tons of steel coils from Busan, South Korea to New Orleans, Louisiana.[3] It avers that a pre-shipment survey

---

[1]    R. Doc. 10.
[2]    R. Doc. 17.
[3]    R. Doc. 1 at 3.

1

showed that the cargo was in generally good condition when loaded onto the M/V Lowlands Fidelity in South Korea.[4]

The M/V Lowlands Fidelity allegedly docked in New Orleans on February 29, 2024.[5] The complaint alleges that Mid-Ship, acting as Mac Metal's agent, facilitated and coordinated moving the coils from the M/V Lowlands Fidelity to Ingram Barge Co. barges and ensured those barges were suitable for transporting the cargo.[6] According to the complaint, Marine Inspection LLC surveyors arrived to witness the movement of the coils from the M/V Lowlands Fidelity to the Ingram barges, but the vessel agents denied the inspectors access.[7] A tugboat allegedly moved the Ingram barges to Harahan, Louisiana.[8]

The complaint alleges that Marine Inspection LLC inspectors accessed the Ingram barges in Harahan on March 4, 2024 and observed water on one of the four barges, T-13995, which Marine Inspection LLC then reported.[9] Upon the Ingram barges' arrival in Indiana a month later, allegedly one-quarter of the coils on the T-13995 had a visible waterline, one-quarter had

---

[4] R. Doc. 1 at 3.
[5] *Id.*
[6] *Id.* at 3-4.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.* at 5.

2

visible mold, and the remaining half had an indeterminate waterline.[10] Mac Metal alleges that a damages survey conducted for Travelers', Mac Metal's insurer, concluded that water damaged the coils aboard T-13995 during or after the New Orleans discharge.[11]

Plaintiff Mac Metal filed a complaint in admiralty in February 2025.[12] Plaintiff alleged causes of action against seven defendants. Plaintiff has since voluntarily dismissed two of the seven defendants and the Court dismissed a third. One of the remaining defendants is Mid-Ship. Plaintiff sued Mid-Ship for negligence. Mid-Ship now moves to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The Court considers the motion below.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[10]   *Id.*
[11]   *Id.* at 6.
[12]   *Id.*

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg.*

4

*Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

### III. DISCUSSION

#### A. Plaintiff's Claim is Insufficient

Under *Twombly*, a plaintiff must cross "the line from conceivable to plausible" for each element of the claim. 550 U.S. at 570. A claim for negligence in maritime law requires: (1) a duty owed to plaintiff, (2) a breach of that duty, (3) injury, and (4) causation. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010).

Here, plaintiff does not cross that line. Plaintiff's factual contention against Mid-Ship is that Mid-Ship was its agent, charged with facilitating and coordinating the discharge of the cargo into Ingram barges, "as well as ensuring those barges were suitable for transporting [Mac Metal's] cargo."[13]

To establish a maritime negligence claim, plaintiff must plausibly allege facts that establish a relationship between Mid-Ship and Mac Metal that gives rise to a duty owed to Mac Metal. Instead, plaintiff provides no factual basis for the creation of an agency agreement. Plaintiff points to no

---

13    R. Doc. 1, at 3-4.

contract or agreement establishing such a relationship between Mac Metal and Mid-Ship. Plaintiff provides only the conclusion that Mid-Ship was its agent. Because plaintiff failed to plausibly allege a basis for a duty beyond the conclusory allegation that Mid-Ship was its agent, plaintiff fails to plausibly allege a claim of negligence. Plaintiff fails to state a claim upon which relief can be granted.

The Court grants Mid-Ship's motion to dismiss.

### B. Leave to Amend

Plaintiff seeks leave to amend the complaint to include a proper cause of action. The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith[,] . . . repeated failure to cure deficiencies[,] . . . undue prejudice[,] . . . [and] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if, for instance, "it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Coll. Athl. Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

The Court finds that leave to amend plaintiff's claim is warranted. The Court grants plaintiff leave to amend the complaint to allege facts plausibly

suggesting the existence of an agency relationship and imposing a duty of care on Mid-Ship owed to Mac Metal Sales.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court DISMISSES plaintiff's claims WITHOUT PREJUDICE and grants plaintiff leave to amend within twenty-one days of this order.

New Orleans, Louisiana, this __2nd__ day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE