UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAC METAL SALES, INC.                               CIVIL ACTION

VERSUS                                                    NO. 25-422

INGRAM BARGE CO, LLC ET AL.                  SECTION "R" (4)

## ORDER AND REASONS

Before the Court is a joint motion from plaintiff Mac Metal Sales, Inc. and defendants Ingram Barge Co. LLC and Ports America Louisiana LLC to continue the trial date and other scheduling deadlines.[1]  For the following reasons, the Court denies the motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (cleaned up).  Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is

---

[1]    R. Doc. 55.

1

exceedingly wide, for ... [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (cleaned up)).

The Court denies the joint motion to continue proceedings. The parties cite to the motion practice, possibility of future delays to discovery, and number of deponents needed to posture the case for trial as the reason for the requested extension. The Court finds that these factors do not amount to good cause. The window for motion practice was included in the initial scheduling order. Further, it is currently mid-October, and the parties have until the March 31, 2026 to complete discovery. The Court finds that there is no reason the deadlines cannot be reasonably met with diligence at this juncture. A "possibility of future delays" is insufficient.

For the foregoing reasons, the Court DENIES the joint motion to continue the trial date and all associated deadlines.

New Orleans, Louisiana, this 15th day of October, 2025.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE