UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAC METAL SALES, INC.                                  CIVIL ACTION

VERSUS                                                        NO. 25-422

INGRAM BARGE CO, LLC ET AL.              SECTION "R" (4)

## ORDER AND REASONS

Before the Court is Mac Metal Sales, Inc.'s (Mac Metal) motion to modify the scheduling order and for leave to file a second amended complaint.[1]  Defendant Mid-Ship Logistics, LLC (Mid-Ship) opposes the motion.[2]  For the following reasons, the Court denies the motion.

## I.    BACKGROUND

Mac Metal's complaint alleges that in early 2024, Mac Metal arranged for the shipment of more than 5,500 metric tons of steel coils from Busan, South Korea to New Orleans, Louisiana.[3]  It avers that a pre-shipment survey showed that the cargo was in generally good condition when loaded onto the M/V Lowlands Fidelity in South Korea.[4]

---

[1]    R. Doc. 61-1.
[2]    R. Doc. 70.
[3]    R. Doc. 1 at 3.
[4]    R. Doc. 1 at 3.

1

The M/V Lowlands Fidelity allegedly docked in New Orleans on February 29, 2024.[5]  The complaint alleges that Mid-Ship, acting as Mac Metal's agent, facilitated and coordinated moving the coils from the M/V Lowlands Fidelity to Ingram Barge Co. barges and ensured those barges were suitable for transporting the cargo.[6]  According to the complaint, Marine Inspection LLC surveyors arrived to witness the movement of the coils from the M/V Lowlands Fidelity to the Ingram barges, but the vessel agents denied the inspectors access.[7]  A tugboat allegedly moved the Ingram barges to Harahan, Louisiana.[8]

The complaint alleges that Marine Inspection LLC inspectors accessed the Ingram barges in Harahan on March 4, 2024 and observed water on one of the four barges, T-13995, which Marine Inspection LLC then reported.[9] Upon the Ingram barges' arrival in Indiana a month later, allegedly one-quarter of the coils on the T-13995 had a visible waterline, one-quarter had visible mold, and the remaining half had an indeterminate waterline.[10]  Mac Metal alleges that a damages survey conducted for Travelers', Mac Metal's

---

[5]    *Id.*
[6]    *Id.* at 3-4.
[7]    *Id.* at 4.
[8]    *Id.*
[9]    *Id.* at 5.
[10]    *Id.*

insurer, concluded that water damaged the coils aboard T-13995 during or after the New Orleans discharge.[11]

Mac Metal filed a complaint in admiralty in February 2025.[12]  Mac Metal alleged causes of action against seven defendants.  Plaintiff has since voluntarily dismissed two of the seven defendants, and the Court dismissed a third.  One of the remaining defendants is Mid-Ship.  Mac Metal sued Mid-Ship for negligence.  Mid-Ship then moved to dismiss for failure to state a claim upon which relief can be granted.  The Court granted the motion to dismiss with leave to amend.  Mac Metal then filed an amended complaint.[13]  Mid-Ship then moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted.[14]  Mac Metal then moved to modify the scheduling order, which the Court denied for lack of good cause.[15]

Mac Metal now moves again to modify the scheduling order, seeking to file a second amended complaint in response to Mid-Ship's pending motion to dismiss.[16]  Mid-Ship opposes the motion.[17]  For the following

---

[11]    *Id.* at 6.
[12]    *Id.*
[13]    R. Doc. 47.
[14]    R. Doc. 53.
[15]    R. Doc. 55.
[16]    R. Doc. 61.
[17]    R. Doc. 70.

reasons, the Court denies Mac Metal's motion to modify the scheduling order and to file a second amended complaint.

## II.  LEGAL STANDARD

If the deadline for amending pleadings in a case management order has expired, the movant must demonstrate good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b) before the more liberal standard of Federal Rule of Civil Procedure 15(a) applies to the court's decision to grant or deny leave. *Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 292 (5th Cir. 2024).  In the Fifth Circuit, courts consider four factors to determine whether good cause exists to grant leave to amend after the expiration of a scheduling order deadline: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 293 (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

## III.  DISCUSSION

Here, Mac Metal has not shown good cause to justify leave to amend after the expiration of the scheduling order deadline.  On the first factor, Mac Metal's explanation is that Mid-Ship raised "new issues" regarding the agency relationship in its second Motion to Dismiss that it did not raise in its

first Motion to Dismiss, and that the amended complaint could address those arguments.[18]

Such a justification is unavailing. This Court dismissed Mac Metal's original complaint as to Mid-Ship with leave to amend on the agency relationship, the precise issue upon which Mac Metal now asserts it needs to be able to elaborate.[19] Mac Metal has already been given an opportunity to amend its complaint on this exact issue. Mac Metal had every reason to plausibly plead an agency relationship after the Court granted leave to amend on precisely that topic. *See Seybold v. Charter Communications, Inc.*, 2023 WL 7381438, at *2 (5th Cir. Nov. 7, 2023) (per curiam) (holding that the district court did not abuse its discretion in denying leave to amend when the plaintiff failed to follow prior instructions regarding the errors identified in the complaint). That Mid-Ship raised different arguments to respond to a different complaint does not necessitate leave to amend and is, in fact, expected. This factor weighs against finding good cause to modify the scheduling order.

---

[18]    R. Doc. 61, at 1.

[19]    *See* R. Doc. 44, allowing Mac Metal to amend the complaint to "allege facts plausibly suggesting the existence of an agency relationship and imposing a duty of care on Mid-Ship owed to Mac Metal Sales."

As to the second factor, Mac Metal asserts that the amendment is important.    However, Mac Metal also asserts that the First Amended Complaint alleges "numerous facts supporting the agency relationship and Mid-Ship's duty."[20]    Accepting that contention as true, the Amended Complaint should already be able to withstand the arguments that Mid-Ship raises in its second motion to dismiss.  This factor weighs against finding good cause.

Further, amendment would prejudice Mid-Ship by forcing it to file a third motion to dismiss and dispute anew the agency relationship at the pleadings stage.  *See Shaw*, 93 F.4th at 293 (finding that the district court did not abuse its discretion in considering that further amendment would prejudice the defendant by "forcing it to file a third motion to dismiss"); *see also Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 424 (5th Cir. 2013) (affirming district court's finding that an untimely amendment would unduly prejudice the defendant and "extend the litigation needlessly").  This factor, too, weighs against finding good cause.

The fourth factor, availability of a continuance, weighs against finding good cause to modify the scheduling order.  A continuance would draw out this litigation and stress this Court's already busy schedule and docket.

---

[20]    R. Doc. 61-1, at 2.

Further, a continuance would not avoid the "inevitable prejudice" to Mid-Ship. *Filgueira*, 734 F.3d at 424. In considering whether to modify a scheduling order, the court "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

Considering the four factors, the Court finds that Mac Metal has not established good cause to modify the scheduling order to allow for the filing of another amended complaint. Because Mac Metal has not established good cause to modify the scheduling order, the Court need not reach the Rule 15(a) phase of the analysis. *Filgueira*, 734 F.3d at 422 (noting that the more liberal Rule 15(a) standard applies only after a party shows good cause for modifying the scheduling order).

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Mac Metal's motion to modify the scheduling order and for leave to file a second amended complaint.

New Orleans, Louisiana, this 18th day of November, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE