UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAC METAL SALES, INC. | CIVIL ACTION |
| VERSUS | NO. 25-422 |
| INGRAM BARGE CO., LLC. ET AL. | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant Mid-Ship Logistics, LLC's ("Mid-Ship") motion to dismiss Ingram Barge Co.'s ("Ingram") cross-claim for failure to state a claim upon which relief can be granted.[1] Cross-claimant Ingram opposed this motion.[2] For the following reasons, the Court denies Mid-Ship's motion.

### I.     BACKGROUND

Plaintiff Mac Metal Sales, Inc. ("Mac Metal") alleges that in early 2024, Mac Metal arranged for the shipment of more than 5,500 metric tons of steel coils from Busan, South Korea to New Orleans, Louisiana.[3] It avers that a pre-shipment survey showed that the cargo was in generally good condition when loaded onto the M/V Lowlands Fidelity in South Korea.[4]

---

[1]     R. Doc. 69.
[2]     R. Doc. 72.
[3]     R. Doc. 47 at 3.
[4]     *Id.*

1

The M/V Lowlands Fidelity allegedly docked in New Orleans on February 29, 2024.[5] The amended complaint alleges that Mid-Ship, acting as Mac Metal's agent and "logistics representative," facilitated and coordinated moving the coils from the M/V Lowlands Fidelity to Ingram barges and was supposed to ensure those barges were suitable for transporting the cargo.[6] According to the complaint, Marine Inspection, LLC ("Marine Inspection") surveyors arrived to witness the movement of the coils from the M/V Lowlands Fidelity to the Ingram barges, but the vessel agents denied the inspectors access and the coils were loaded onto the barges without an inspection.[7] A tugboat allegedly moved the Ingram barges to Harahan, Louisiana.[8]

The complaint alleges that Marine Inspection inspectors accessed the Ingram barges in Harahan on March 4, 2024 and observed water on one of the four barges, T-13995.[9] Upon the Ingram barges' arrival in Indiana a month later, allegedly one-quarter of the coils on the T-13995 had a visible waterline, one-quarter had visible mold, and the remaining half had an

---

5   *Id.*
6   *Id.* at 3-4.
7   *Id.* at 4.
8   *Id.*
9   *Id.* at 6.

indeterminate waterline.[10] Mac Metal alleges that an arrival damages survey concluded that water damaged the coils aboard T-13995 during or after the New Orleans discharge.[11]

Mac Metal filed a complaint in admiralty in February 2025.[12] Mac Metal alleged causes of action against seven defendants, including Ingram and Mid-Ship. Ingram asserted a cross-claim against Mid-Ship for breach of contract.[13] Mid-Ship now moves to dismiss the cross-claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[14]

The Court considers the motion below.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

10    *Id.*
11    *Id.* at 6-7.
12    R. Doc. 1.
13    R. Doc. 51.
14    R. Doc. 53.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider

4

documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## III. DISCUSSION

Ingram asserted a cross-claim against Mid-Ship for breach of contract. Ingram alleges that it had a contract with Mid-Ship, the Dry Cargo Transportation Agreement. The alleged contract, which Ingram attached to its cross-claim, provides that Ingram would move Mid-Ship's cargo on its barges. Ingram further alleges that the Agreement contains the following provision:

> Customer [Mid-Ship] shall inspect the Barge prior to loading and shall determine if they are suitable for the Cargo . . . . If [Mid-Ship] fails to inspect the Barges or fails to notify Ingram of any objections to their condition prior to loading its Cargo, then customer will be deemed to have irrevocably released and waived all claims relating to the Barges' condition when provided.[15]

Ingram alleges that Mid-Ship breached the contract by failing to inspect the barges prior to loading the cargo or to notify Ingram of any unsuitable conditions.[16]

---

[15] R. Doc. 51, at 3.
[16] *Id.* at 4.

5

Ingram alleges Mid-Ship also breached the indemnification provision of its contract. The alleged contract provides that:[17]

> [Mid-Ship] shall Protect the Ingram Parties against all Losses arising from or related to [Mid-Ship's] (i) breach of the Agreement, (ii) the Fault of [Mid-Ship], or (iii) any combination of (i) and (ii), and except to the extent of the Fault of the Ingram Parties.

"Protect" is defined to include "defend, indemnify and hold harmless."[18] "Losses" are defined to include "all losses, damages, liabilities, deficiencies, claims, actions, judgments, settlements . . . or expenses of whatever kind, including . . . reasonable attorneys' fees and litigation costs . . . ."[19] Ingram alleges that Mid-Ship breached the indemnification provision by refusing to defend or indemnify Ingram in the suit brought by Mac Metal.

When interpreting maritime contracts, federal admiralty law applies. *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.*, 704 F.3d 350, 354 (5th Cir. 2013). Under federal maritime law, the elements of a breach of contract are: (1) a contract between the parties, (2) a breach of that contract, and (3) damages. *See, e.g., Central Boat Rentals, Inc. v. Ponchartrain Partners,*

---

[17] R. Doc. 51-2, at 4.
[18] R. Doc. 51-2, at 3.
[19] R. Doc. 51-2, at 3.

6

*L.L.C.*, 744 F. Supp. 3d 635, 639 (E.D. La. Aug. 2024) (citing 17A Am. Jur. 2d Contracts § 702 (2016)).

Ingram has plausibly pled each element. As to the existence of the contract, the cross-claim alleges that Mid-Ship entered a contract with Ingram and attached a copy of the contract to the pleading.[20] As to a breach of that contract, Ingram plausibly alleges that Mid-Ship failed to inspect the barges prior to loading the cargo—which Mid-Ship does not deny—and has refused to indemnify Ingram as required under the contract.

As to damages, Ingram asserts that Mid-Ship's breach prevented Ingram from addressing the alleged issue with the T-13995 barge prior to loading the cargo and prevented Ingram from being able to rely on an inspection of the barge to prove its defense to Mac Metal's claims that the barges were in good condition prior to loading the cargo. Additionally, Ingram alleges that it has damages because Mid-Ship has refused to defend and indemnify it from Mac Metal's claims.

Mid-Ship makes three arguments in its motion to dismiss, which try to argue the merits of the case and go far beyond the scope of the pleadings. First, Mid-Ship argues that it did not breach the contract because the inspectors it hired allegedly were unable to inspect the Ingram barges. At

---

[20]  R. Docs. 51-1, 51-2.

this stage, this contention underscores that Mid-Ship did not inspect the barges and thus did breach the contract. That such a breach may be subject to a defense does not show that Ingram failed to plausibly plead breach of contract. Further, that this Court granted Marine Inspection's motion to dismiss does not negate the possibility of Mid-Ship's liability to Ingram.[21]

Mid-Ship also contends that Mid-Ship's alleged breach did not cause Ingram's damages. Mid-Ship, through a string of conjecture, argues that Ingram's damages do not arise from breach of contract. None of Mid-Ship's conjectures detracts from whether Ingram plausibly pled causation. Ingram alleges that had Mid-Ship performed the investigation, Ingram could have replaced the barges or could now defend itself against Mac Metal's suit with the inspection reporting that the barges were in good condition prior to loading the cargo. Ingram also argues that Mid-Ship's failure to honor the indemnification clause has caused Ingram damages.[22] The Court finds that Ingram has plausibly pled causation here.

Finally, Mid-Ship argues that Ingram failed to plead that it adequately performed under the contract. Mid-Ship has cited to nothing that requires adequate performance to be pled at the motion to dismiss stage in a maritime

---

[21]     *Contra* R. Doc. 74, at 3.
[22]     *Id.* at 6.

8

breach of contract case. Even were it to be required at this stage, the Court finds that Ingram has plausibly pled adequate performance under the contract. It is clear from Ingram's cross-claim and answer to Mac Metal's claim that Ingram asserts that it provided satisfactory vessels. Furthermore, Mid-Ship's alleged breach hampers Ingram's ability to make that claim, because Ingram cannot defend itself with satisfactory inspection results. Mid-Ship's argument that Ingram fails to state a claim upon which relief can be granted is meritless.

The Court finds that Ingram plausibly pled breach of contract against Mid-Ship and therefore denies Mid-Ship's motion to dismiss.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

New Orleans, Louisiana, this 5th day of January, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE