UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAC METAL SALES, INC. | CIVIL ACTION |
| VERSUS | NO. 25-422 |
| INGRAM BARGE CO., LLC. ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Defendant Mid-Ship Logistics, LLC's ("Mid-Ship") moves to dismiss the claim of plaintiff Mac Metal Sales, Inc. ("Mac Metal") for failure to state a claim upon which relief can be granted.[1] Mac Metal opposes this motion.[2] For the following reasons, the Court denies defendant's motion.

## I. BACKGROUND

Mac Metal's amended complaint alleges that in early 2024, Mac Metal arranged for the shipment of more than 5,500 metric tons of steel coils from Busan, South Korea to New Orleans, Louisiana.[3] It avers that a pre-shipment survey showed that the cargo was in generally good condition when loaded onto the M/V Lowlands Fidelity in South Korea.[4]

---

[1]   R. Doc. 53.
[2]   R. Doc. 60.
[3]   R. Doc. 47 at 3.
[4]   *Id.*

1

The M/V Lowlands Fidelity allegedly docked in New Orleans on February 29, 2024.[5] The amended complaint alleges that Mid-Ship, acting as Mac Metal's agent and "logistics representative," facilitated and coordinated moving the coils from the M/V Lowlands Fidelity to Ingram Barge Co. ("Ingram") barges and ensured those barges were suitable for transporting the cargo.[6] According to the complaint, Marine Inspection, LLC ("Marine Inspection") surveyors arrived to witness the movement of the coils from the M/V Lowlands Fidelity to the Ingram barges, but the vessel agents denied the inspectors access.[7] A tugboat allegedly moved the Ingram barges to Harahan, Louisiana.[8]

The complaint alleges that Marine Inspection inspectors accessed the Ingram barges in Harahan on March 4, 2024 and observed water on one of the four barges, T-13995.[9] Upon the Ingram barges' arrival in Indiana a month later, allegedly one-quarter of the coils on the T-13995 had a visible waterline, one-quarter had visible mold, and the remaining half had an indeterminate waterline.[10] Mac Metal alleges that a damages survey

---

5   *Id.*
6   *Id.* at 3-4.
7   *Id.* at 4.
8   *Id.*
9   *Id.* at 6.
10  *Id.*

2

conducted for Travelers', Mac Metal's insurer, concluded that water damaged the coils aboard T-13995 during or after the New Orleans discharge.[11]

Mac Metal filed a complaint in admiralty in February 2025.[12] It alleged causes of action against seven defendants. Mac Metal has since voluntarily dismissed two of the seven defendants. The Court dismissed a third.[13] One of the remaining defendants is Mid-Ship.[14] Mac Metal sued Mid-Ship for negligence. Mid-Ship moved to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[15] The Court granted the motion to dismiss with leave to amend.[16] Mac Metal then filed an amended complaint.[17] Mid-Ship now moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [18]

The Court considers the motion below.

---

[11]    *Id.* at 6-7.
[12]    R. Doc. 1.
[13]    R. Doc. 41.
[14]    R. Docs. 28, 33.
[15]    R. Doc. 10.
[16]    R. Doc. 44.
[17]    R. Doc. 47.
[18]    R. Doc. 53.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations

"to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

### III. DISCUSSION

#### A. Mac Metal Plausibly Alleged Negligence

Mac Metal alleges that it entered into an agency agreement with Mid-Ship for the "movement of steel coils" that provided for the "coordination and management of shipments on behalf of" Mac Metal.[19] Mac Metal alleges that, under this agreement, Mid-Ship entered into Dry Cargo Transportation Agreement contract with Ingram for the shipment of cargo on Mac Metal's behalf. Under that contract, Mid-Ship was required to perform a pre-loading inspection of the Ingram barges. Mac Metal alleges that as its agent, Mid-Ship was "responsible for inspecting barges prior to loading and provid[ing]

---

[19]   R. Doc. 47 at 3.

5

notice if those barges [were] unsuitable."[20] Mac Metal alleges that Mid-Ship negligently failed to do so and that, as a result, the steel coils rusted aboard the barges.

Under *Twombly*, a plaintiff must cross "the line from conceivable to plausible" for each element of the claim. 550 U.S. at 570. A claim for negligence in maritime law requires: (1) a duty owed to plaintiff, (2) a breach of that duty, (3) injury, and (4) causation. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010).

Here, Mac Metal plausibly pleads a claim for negligence in maritime law. To establish a maritime negligence claim, plaintiff must first plausibly allege facts that establish a relationship between Mid-Ship and Mac Metal that gives rise to a duty owed to Mac Metal. As to duty, Mac Metal's factual contention against Mid-Ship is that Mid-Ship was its agent.

Federal maritime law incorporates the basic principles of agency law. *MTO Maritime Transport Overseas, Inc. v. McLendon Forwarding Co.*, 837 F.2d 215, 218 (5th Cir. 1988). An agency relationship is never presumed. *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994). The party seeking to rely upon the agency relationship has the burden of proving the existence of such a relationship. *Id.* At the motion to dismiss stage, that

---

[20] R. Doc. 47, at 4.

burden is to plausibly plead the existence of an agency relationship. The "essential element of an agency relationship is the right of control." *In re Carolin Paxson Advertising, Inc.*, 938 F.2d 595, 598 (5th Cir. 1991). The alleged principal must "have the right to control both the means and the details of the process by which the alleged agent is to accomplish [the] task." *Id.*

In its amended complaint, Mac Metal plausibly alleges an agency relationship. Mac Metal alleges that Mid-Ship "agreed to act as an agent" for Mac Metal "for the movement of steel coils."[21] The alleged agreement stated that Mid-Ship would provide "coordination and management of shipments on behalf" of Mac Metal and acted with Mac Metal's authority, plausibly suggesting control, despite Mid-Ship's contention otherwise.[22]

Further, Mac Metal alleges that Mid-Ship entered into a Dry Cargo Transportation Agreement with Ingram on Mac Metal's behalf and signed the agreement as such. This agreement plausibly shows Mid-Ship's apparent authority to act on Mac Metal's behalf.[23] This also plausibly demonstrates that Mid-Ship was not the "intermediary" it claims to be, but rather Mac Metal's representative as the alleged agency contract states. The alleged

---

[21]  R. Doc. 47, at 3.
[22]  *Id.* at 3-4.
[23]  *Id.* at 4.

7

agency agreement and Mid-Ship's actions plausibly show that Mid-Ship was acting as Mac Metal's agent.

Mid-Ship argues that Mac Metal has not alleged an agency relationship because the alleged agency agreement refers to Mid-Ship as a "logistics representative" instead of agent.[24] It is the scope of the relationship, and not the title, that determines whether Mid-Ship was Mac Metal's agent. *See Stripling v. Jordan Products Co., LLC*, 234 F.3d 863, 870 (5th Cir. 2000) (noting that the "manner in which the parties designate the relationship is not controlling") (citations omitted). Mac Metal has plausibly alleged that Mid-Ship was its agent and therefore owed it a duty.

Mac Metal also plausibly alleges the remaining elements of a maritime negligence claim. Mac Metal plausibly alleges that Mid-Ship breached its duty, including by failing to inspect the Ingram barges prior to loading the steel coils and failing to notify Mac Metal that the barges were allegedly unsuitable.[25] Mac Metal plausibly alleges injury because of the damage to the coils. Mac Metal also plausibly alleges causation, on the theory that had Mid-Ship not breached its agency duties, the steel coils would not have been damaged.

---

[24]  R. Doc. 53-1, at 5.
[25]  *Id.* at 4.

8

**B. Mac Metal Can Bring Claim in Negligence**

Mid-Ship argues that Mac Metal cannot bring a negligence action against Mid-Ship under two theories. First, Mid-Ship argues that Mac Metal's claim fails because Mac Metal cannot show that Mid-Ship owed Mac Metal a duty under the contract between Mid-Ship and Ingram, a third party. This argument incorrectly characterizes Mac Metal's claim. First, Mac Metal adequately alleges that Mid-Ship breached a duty to Mac Metal by negligently performing its agency duties in breaching the contract with Ingram, which required Mid-Ship to conduct a pre-loading inspection of the barges. Further, Mac Metal also alleges that Mid-Ship failed to perform its agency duties prudently by failing to provide updates to Mac Metal on the arrival conditions of the barges and failing to perform problem-solving as agreed in the agency agreement.

The case Mid-Ship cites to support its argument is inapposite. In *Atlantic v. Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, the Fifth Circuit held that a maritime agent could not be held liable to a third party for claims arising out of contracts the agent executed on behalf of a disclosed principal. 750 F.2d 457, 459 (5th Cir. 1985). This is distinct from the issue here, which involves a principal holding its agent liable for negligent performance of agency duties.

Second, Mid-Ship asserts that Mac Metal cannot bring a breach of contract claim as a tort action. The Fifth Circuit has clarified that a plaintiff can choose to sue in contract or in tort when alleging that a defendant negligently performed their contractual duties. *Franklin v. Regions Bank*, 976 F.3d 443, 448 (5th Cir. 2020). Mac Metal can allege that Mid-Ship's breach of the agency agreement is an action in tort, as Mac Metal has done. *Id.*

Here, too, the case Mid-Ship cites does not support Mid-Ship's argument. In *Strahan v. Sabine Retirement & Rehabilitation Center, Inc.*, the Louisiana Supreme Court noted that a plaintiff could assert causes of actions in both tort and contract. 981 So. 2d 287, 292 (2008). In *Strahan*, the Court found that the nature of the duty breached did not arise <u>solely</u> in contract, but also in tort. *Id.* It announced no rule that a negligence tort claim "must arise from a duty other than one imposed by the contract" as Mid-Ship contends.[26] Instead, as Mid-Ship itself notes later in its brief, a claim that contractual duties were performed negligently—including the alleged agency contract here—"may warrant a negligence claim under a general duty of care."[27]

---

[26]   R. Doc. 53-1, at 11.
[27]   *Id.*

10

### C. Affirmative Defense

Finally, Mid-Ship argues that the agency contract provides that cargo handling damage claims should be made against the respective vendors and service providers, not Mid-Ship. Pretermitting other issues with this argument, that Mac Metal's claim may be subject to a defense does not show that Mac Metal failed to plausibly plead negligence.

*****

Mac Metal has plausibly pled sufficient allegations to create a "reasonable hope or expectation . . . that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The Court thus denies Mid-Ship's motion to dismiss for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

New Orleans, Louisiana, this __7th__ day of January, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE